UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ODELL BELL MURRAY, as
Personal Representative of the
Estate of Thomas Murray, Jr., deceased
    Plaintiff,

vs.                                  CASE NO. 5:08-cv-86/RS/EMT

FORD MOTOR COMPANY,
    Defendant.
_____/

## ORDER

Before me is Plaintiff's Petition for Order Approving Contract and Division of Attorneys' Fee (Doc. 32).

Plaintiff asks me to approve a contingency fee contract that requires plaintiff to pay his attorneys forty-percent across the board of the total recovery received. The contract also specifies that the two law firms representing Plaintiff will share the attorneys fees 50-50.

Rule 4-1.5(f) of the Florida Rules of Professional Conduct applies to contingent fees. After the filing of an answer, as in this case, any contingent fee that exceeds the following standards is presumed, unless rebutted, to be clearly excessive unless the court grants prior approval: 40% of any recovery up to $1

million; plus 30% of any portion of the recovery between $1 million and $2 million; plus 20% of any portion of the recovery exceeding $2 million.  *Id.*

On October 30, 2008, the parties filed a Joint Stipulation for Dismissal with Prejudice (Doc. 33).  The parties did not disclose the amount of the settlement.  As such, I grant Plaintiff's petition to the extent that the settlement is less than $1 million.  For any amount of the settlement over $1 million, counsel must make proper showing to rebut the presumption that any amount over 30% is excessive.

The division of any contingent fee between lawyers not in the same firm is typically a minimum of 75% to the lawyer assuming primary responsibility for the legal services on behalf of the client and a maximum of 25% to the lawyer assuming secondary responsibility for the legal services.  Fla. R. Prof. Cond. 4-1.5(f)(4)(D)(i)-(ii).  In light of the fact that this case has settled relatively early – some 2 ½ months before the discovery deadline – I will accept the representation made in the petition that the efforts by both counsel were substantially equal and that the fee should therefore be split 50-50 pursuant to Fla. R. Prof. Cond. 4-1.5(f)(4)(D)(iii).

**ORDERED** on November 3, 2008.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**